IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL LONG, | : | CIVIL ACTION NO. **3:CV-08-0943** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

On May 22, 2008, Petitioner Wendell Long, currently an inmate at the State Correctional Institution at Huntington, Pennsylvania ("SCI-Huntington") filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Petitioner challenges the January 31, 2007 decision of the Pennsylvania Board of Probation and Parole ("the Board") to deny the Petitioner parole. (Doc. 1 at 1, ¶ 3.). The Petitioner paid the requisite filing fee. (Doc. 5).

In his Petition for Writ of Habeas Corpus, the Petitioner challenges the Board's decision to deny parole because the Board used an "undefined standard" in violation of his right to due process and used post-1996 parole criteria in violation of the *Ex Post Facto* Clause of the United States Constitution. (Doc. 1 at 1-2). In addition to the habeas petition with attached exhibits, the Petitioner filed a Traverse on July 18, 2008. (Doc. 10). On July 3, 2008, the Respondent filed a response to the petition for habeas corpus. (Doc. 9).

## I. STATE PROCEDURAL HISTORY.

The Respondent provided a thorough procedural history in it response, which we will summarize here. The Petitioner was arrested in 1974 for threatening children at knife point with the intent of kidnapping them for ransom. The Petitioner was convicted of three counts of simple assault and one count of terroristic threats.

In 1975, after being released on parole, the Petitioner was arrested and convicted of aggravated assault. The Petitioner received a sentence of 11 ½ months to 23 months of incarceration. The Petitioner was paroled on January 5, 1976. While on parole for the second time, the Petitioner was arrested and convicted of raping and assaulting a woman in a Philadelphia subway station. He received a sentence of 2 to 4 years of incarceration, but was paroled on January 6, 1978. While on parole in 1980, the Petitioner was arrested and convicted of involuntary deviant sexual intercourse, robbery, and simple assault. The Petitioner received a total aggregated sentence of 21 to 42 years of incarceration.

On January 31, 2007, the Board denied the Petitioner parole, determining that, "your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled." (Doc. 1, Ex. E at 1). The Board gave the following reasons for its decision: the Petitioner's refusal to accept responsibility for the offenses committed, the negative recommendation made by the department of corrections, the Petitioner's unacceptable compliance with prescribed institutional programs, and the Petitioner's interview with the board member. (Doc. 1, Ex. E at 1). The Board informed the Petitioner that it would consider him for parole again in or after January 2010, or earlier if recommended by the

Department of Corrections. (Doc. 1, Ex. E at 1). The Board also informed the Petitioner of the factors it would consider at that time:

> Whether [the Petitioner has] successfully participated in a treatment program for: sex offenders.
> Whether [the Petitioner has] received a favorable recommendation for parole from the Department of Corrections.
> Whether [the Petitioner has] maintained a clear conduct record and completed the Department of Corrections' prescriptive programs.

(Doc. 1, Ex. E at 1-2).

The Petitioner sought administrative relief of the Board's decision in February 2007, which was denied by the Board on February 26, 2007. (Doc. 1 Ex. A & Ex. B). The Petitioner filed a petition for review with the Commonwealth Court of Pennsylvania on June 5, 2007, arguing that the Board's decision constituted an *Ex Post Facto* violation. On July 19, 2007, the Commonwealth Court dismissed the action. (Doc. 1, Ex. N). The Petitioner filed an appeal to the Pennsylvania Supreme Court, which affirmed the Commonwealth Court's decision to dismiss the action on April 30, 2008. (Doc. 1 at 3). It is clear that the Petitioner exhausted his state court remedies regarding the claims in his habeas petition.

## III. DISCUSSION.

### A. Whether the Board's Decision Violates the Ex Post Facto Clause.

As mentioned earlier, the Petitioner claims that the Board used post-1996 parole criteria in violation of the *Ex Post Facto* Clause in its January 2007 decision to deny parole. The Board listed its reasons for denying parole: the Petitioner's best interests, the interests of the Commonwealth, the Petitioner's refusal to take responsibility for his crimes and his failure to complete sex offender

3

treatment. (Doc. 9, Ex. A). The Respondent argues the Petitioner cannot show that the criteria applied by the Board during the January 2007 parole review was different than that which would have been considered prior to 1996, nor can he show that he would have been paroled in a pre-1996 context. (Doc. 9 at 4-5). Therefore, the Respondent argues, the Petitioner has not shown that the Board's decision violates the *Ex Post Facto* clause and his habeas petition must be denied. (Doc. 9 at 8). We agree with the Respondent.

As the Court in *Parker v. Kelchner* noted, "the 1996 Amendments had changed the substantive criteria for parole in Pennsylvania and that a petitioner who could demonstrate individual disadvantage from retroactive application of the 1996 Amendments could prevail on an ex *post facto* claim." 429 F.3d 58, at 64, n.5 (3d Cir. 2005). Thus, the 1996 Amendments to the Pennsylvania Parole Act are a substantive change in the parole requirements for Pennsylvania inmates and can violate the *Ex Post Facto* clause if an inmate can demonstrate that, as applied to him, created "a significant risk of prolonging his incarceration." *Id*.

To make a successful *Ex Post Facto* claim, a petitioner must show (1) that there has been a change in law or policy which has been given retrospective effective and (2) that its retrospective application to the petitioner created a real risk of increasing the measure of punishment. *See Richardson v. PA Bd. Of Probation and Parole*, 423 F.3d 282, 288 (3d Cir. 2005).

In *Shaffer v. Myers*, Petitioner Shaffer was denied parole three times "not because a more stringent standard in evaluating parole has been applied in his case, but because of his repeated refusal to participate in a rehabilitative prison program." 163 Fed. Appx. 111, 113 (3d Cir. 2006)(Not Precedential). To warrant habeas relief, a petitioner must show that the Board used the

4

new standards, retroactively applied, in denying him parole, as well as some evidence of disadvantage. *Richardson*, 423 F.3d at 291-93. In *Shaffer*, the Court noted that,

> *Prima facie* it does not seem likely that the criteria cited by the Board in Shaffer's case - participating in a treatment program for sex offenders, the recommendation of the Department of Corrections, Shaffer's conduct record and whether he completed any prescribed programs - would not have been considered by the Board pre-amendment, and Shaffer cites no evidence to persuade us otherwise. But even if we assume that the Board would have used different criteria pre-amendment, Shaffer has not provided adequate reasons to support the contention that application of those criteria would likely have resulted in his release on parole.

*Shaffer*, 163 Fed. Appx. at 114.

The Petitioner in the present case has not provided any evidence to meet either prong of the *Ex Post Facto* test articulated in *Richardson*. As in *Shaffer*, we find that the Board did not use new criteria from the 1996 amendments in its January 2007 decision to deny the Petitioner parole. In fact, the Board in the present case used some of the same criteria that the Board used in Petitioner Shaffer's case, *i.e.*, participation and successful completion of a sex offenders treatment program and the recommendation of the Department of Corrections. In addition, the Petitioner has not shown that the use of any 1996 amendments in his parole review caused him disadvantage that resulted in the denial of his parole.

We recommend that the Petitioner's claim that the Board's decision to deny him parole violated the *Ex Post Facto* clause of the United States Constitution be denied.

### B. Whether the Board's Decision Violates the Petitioner's Right to Procedural and Substantive Due Process.

The Petitioner claims that the Board denied him due process. (Doc. 1 at 1-2). The Fourteenth Amendment Due Process Clause provides that no state shall "deprive any person of life,

5

liberty, or property, without due process of law." Procedural due process is violated only if the inmate has a liberty interest in parole. "There is no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). States may create liberty interests in parole protected by the due process clause; however, Pennsylvania has not done so. *See Coady v. Vaughn*, 770 A.2d 287, 291 (Pa. 2001)("a denial of parole does not implicate a constitutionally protected liberty interest"). An inmate is entitled only to consideration for parole. *See Rodgers v. Parole Agent SCI-Frackville*, 916 F. Supp. 474, 476 (E.D. Pa. 1996)("[T]he 14th amendment does not provide that every prisoner has a right to be paroled, or that *any* expectation of parole is a constitutionally protected liberty interest.").

Since there is no liberty interest in parole, we recommend that the Petitioner's procedural due process claim be dismissed.

The Petitioner also claims that the Board violated his right to substantive due process. (Doc. 1 at 1-2). While an inmate does not have a liberty interest in parole, the Board may not arbitrarily deny parole on the basis of impermissible criteria such as race, religion or the exercise of free speech rights, or on criteria with no rational relationship to the purpose of parole. *Block v. Potter*, 631 F.2d 233, 236-37 (3d Cir. 1980).

The Petitioner contends that the Board's decision was arbitrary, capricious and based on an impermissible standard. (Doc. 1 at2). The Petitioner claims that the board denied him due process by denying him parole based on the "undefined standard" of "the fair administration of justice can not be achieved through [the Petitioner's] release on parole." (Doc. 1 at 2). Specifically, the

6

Petitioner claims that the Board denied him parole based upon his failure to complete a treatment program for sex offenders where he must take responsibility his crimes. (Doc. 10 at 3-4). The Petitioner has maintained his innocence since his conviction and argues that his parole should not be conditioned on his attending a program that requires him to confess to crimes he has not committed. (Doc 1 & Doc. 10 at 3-4).

The Board did not deny the Petitioner parole on the basis of impermissible criteria or undefined standards. The reasons set forth by the Board in its decision denying parole were the Petitioner's refusal to accept responsibility for the offenses committed, the negative recommendation made by the department of corrections, the Petitioner's unacceptable compliance with prescribed institutional programs, and the Petitioner's interview with the board member. (Doc. 1, Ex. E at 1). These are permissible criteria for the Board to consider.

It was also permissible for the Board to indicate that it will consider at the Petitioner's next review whether the Petitioner has completed a treatment program for sex offenders. *See generally McKune v. Lile*, 536 U.S. 24, 33(2002)("When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault . . .[s]tates thus have a vital interest in rehabilitating convicted sex offenders."). It was within the Board's discretion to determine that the Petitioner should complete a treatment program for sex offenders.

The Board's decision was not arbitrary, capricious and based on an impermissible standard. See *Coady*, 770 A.2d at 487 ("[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is

7

some basis for the challenged decision."). We recommend that the Petitioner's substantive due process claim be dismissed.

### III. RECOMMENDATION.

Based upon the foregoing, it is respectfully recommended that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

                          **s/ Thomas M. Blewitt**
                          **THOMAS M. BLEWITT**
                          **United States Magistrate Judge**

**Dated: December 17, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL LONG, | : | CIVIL ACTION NO. **3:CV-08-0943** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 17, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                  s/ Thomas M. Blewitt  
                                                  **THOMAS M. BLEWITT**  
                                                  **United States Magistrate Judge**

**Dated: December 17, 2008**